UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

EDUARDO CARRIL, JR.,

    Plaintiff,

v.

UNITED STATES
OF AMERICA,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, EDUARDO CARRIL, JR.,sues Defendant, UNITED STATES OF AMERICA, and states:

    1.    That this is a civil action arising from an automobile accident caused by a federal agency and employees of the government as defined in 28 U.S.C.A. § 2671 and this Court has jurisdiction pursuant to 28 U.S.C.A. §§ 1346, 1367.

    2.    That this cause of action arose in the Southern District of Florida.

    3.    That all conditions precedent to initiating this action have been performed or are excused.

    4.    That Plaintiff has fulfilled all federal conditions precedent to filing this lawsuit and has filed a claim for damage, injury or death with the appropriate federal agency in accordance with 28 U.S.C.A. § 2672 or such compliance is excused.   Evidence of compliance is attached and/or will be filed with the Court as necessary.

5.That under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671-80, the Federal Bureau of Investigation is considered a federal agency and its agent and/or employee, Anjeanet L. Floyd, (ALIAS) is considered an employee of the federal government.

6.That at all times material to this action, Floyd (ALIAS) was acting within the course and scope of his or her office or employment with the FBI.

7.That at all times material to this action, 28 U.S.C.A. §§ 2671-2680 provide that the UNITED STATES is liable and responsible for the acts and omissions of the FBI and its agents and employees acting within the course and scope of their office or employment including, without limitation, Floyd (ALIAS).

8.That at all times material to this action, Defendant owned or was otherwise responsible for a 2015 Ford Taurus or other vehicle which was operated with its consent, knowledge, and permission by Floyd (ALIAS).

9.That at all times material to this action, Defendant operated the 2015 Ford Taurus.

10.That on or about June 15, 2018 on Northwest 32nd Avenue at or near the intersection with Northwest 86th Street in Miami-Dade County, Florida, the permissive operator of Defendant's vehicle negligently made a left-hand turn into the vehicle that CARRIL was riding and injured CARRIL.

11.That at all times material to this action, Defendant owed CARRIL duties to keep Defendant's vehicle reasonably maintained, and to operate Defendant's vehicle reasonably and in conformance with Florida's traffic laws.

12.That Defendant negligently breached its duties by acts, conduct, and/or omissions which include, without limitation:

      a.      making an improper left turn;
      b.      failing to yield the right-of-way;
      c.      failing to keep a proper look-out;
      d.      driving carelessly;
      e.      failing to control Defendant's vehicle;
      f.      operating Defendant's vehicle at a speed inappropriate for conditions;
      g.      operating Defendant's vehicle in an unsafe or illegal manner;
      h.      failing to maintain Defendant's vehicle in a reasonable or safe manner;
      i.      and/or
      j.      by other such negligent acts or omissions as discovery or the evidence may show.

13. That on or about June 15, 2018 on Northwest 32nd Avenue at or near the intersection with Northwest 86th Street in Miami-Dade County, Florida, Defendant negligently made a left-hand turn into the vehicle that CARRIL was riding and injured CARRIL.

14. That as a direct and proximate result of Defendant's wrongful acts, conduct, and/or omissions, CARRIL suffered permanent injuries in the accident.

15. That CARRIL is exempt from the Florida Motor Vehicle No-Fault Law because his bodily injury, sickness, or disease caused by Defendant consists in whole or in part of:

      a.      significant and permanent loss of an important bodily function;
      b.      permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; and/or
      c.      significant and permanent scarring or disfigurement.

16. That as a direct and proximate result of Defendant's negligence, CARRIL has in the past and will in the future suffer damages, including without limitation:

      a.      bodily injuries;
      b.      pain and suffering;
      c.      disability, both temporary and permanent, within reasonable degree of medical probability;
      d.      disfigurement and scarring of a significant nature;
      e.      mental anguish;
      f.      aggravation of preexisting conditions;
      g.      lost capacity for enjoyment of life;
      h.      lost earnings;

      i.     lost earning capacity;
      j.     medical, hospital, nursing, and other healthcare expenses; and/or
      k.    loss of bodily function.

17. That Defendant's negligence caused property damages to CARRIL's motor scooter and other personal property, and CARRIL suffered additional property damages as the direct and proximate result of the crash.

18. That as a direct and proximate result of Defendant's negligence arising out of the ownership, maintenance, operation, or use of Defendant's motor vehicle, CARRIL was permanently injured and suffered damages and demands $7,360,000.00 against said Defendant.

WHEREFORE the Plaintiff, EDUARDO CARRIL, JR., demands judgment against the Defendant, UNITED STATES OF AMERICA, and further demands court costs and such other relief as the Court deems proper.

DATED this 4th day of October 2019

    s/ Ronald D. Rodman
    RONALD D. RODMAN
    Florida Bar No. 664332
    ronrod.frf@gmail.com

    Friedman, Rodman & Frank, P.A.
    3636 West Flagler Street
    Miami, Florida 33135
    Telephone 305-448-8585
    Facsimile 305-448-9818
    Attorneys for Plaintiff, Eduardo Carril, Jr.